21-004-N

## <u>AFFIDAVIT IN SUPPORT OF TRACKING WARRANT</u>

I, Daniel McKenzie, being duly sworn, depose and state as follows:

1.    I am a Special Agent (SA) for the Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) assigned to the Office of the Resident Agent in Charge in Mobile, Alabama.  I have been a Special Agent since November of 2007.  Prior to serving in this capacity, I served as an Immigration Enforcement Agent (IEA) for ICE for approximately one (1) year.  Prior to serving in that capacity, I served as a Border Patrol Agent for Customs and Border Protection (CBP) for approximately one and one-half years.  I began my law enforcement career as a Reserve Police Officer at the Fairhope Police Department in Fairhope, Alabama in June of 2003.  I hold a Master of Science Degree in criminal justice from the University of Alabama.  As part of my daily duties as an HSI Special Agent, I am authorized to investigate violations of Title 18 and Title 21 of the United States Code.

2.    During my law enforcement career, I have participated in the execution of numerous arrest and search warrants in narcotics cases. I have received training in the manner in which narcotics can be smuggled into the United States, and I have experience in narcotics smuggling and distribution cases, including but not limited to the means and methods used by traffickers to import and distribute narcotics, interdiction methods, smuggling methods, and the concealment and transportation of narcotics. I know that smugglers transport narcotics into the United States by various means to include by walking across the border, driving it across the border, bringing it in by sea on a boat, and by flying into the country by air. I have participated in various aspects of narcotics investigations to include the debriefing of defendants, informants, and witnesses who had personal knowledge of major narcotic trafficking instances.

3.   I make this affidavit in support of an application seeking a warrant authorizing the installation and use of a mobile electronic tracking device (ETD) in an aircraft. The particular aircraft in which the ETD will be installed is a ████████████████████████ ███████████████████████████████████ (hereinafter referred to as the subject aircraft). Although a Bill of Sale obtained from the Federal Aviation Administration (FAA) shows that ███████████████████████████████████████████████ ███████████████████████████████████████████████ Given the circumstances described above, I suspect that the subject aircraft is being used to further violations of 21 U.S.C. § 841(a)(l), possession with intent to distribute controlled substances. I further believe that installation of a tracking device in or on the subject aircraft, and use of the tracking device, will lead to evidence, fruits, and instrumentalities of the aforementioned crime as well as to the identification of individuals who are engaged in the commission of those and related crimes.

4.   Because this affidavit is being submitted for the limited purpose of securing a warrant for installation of an ETD, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that the subject aircraft is being used to facilitate the possession with intent to distribute controlled substances, and that installation of an ETD will lead to evidence of crime, fruits of crime, contraband, and/or the identities of those participating in the crime.

5.   Based on the following information, there is probable cause to believe that the subject aircraft has been used, is being used, and will continue to be used to facilitate the transportation of narcotics in violation of 21 U.S.C. § 84l(a)(l).









13.    In an effort to decrease the chance of detection and to mitigate the risk to law enforcement personnel, as well as to ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, I request that the court authorize installation, maintenance, repair, and removal of the ETD during both daytime and nighttime hours. Because of the subject aircraft's inherent mobility, there are significant concerns about the difficulty and probability of being detected if restricted to daytime hours to install and maintain the ETD.

14.    In the event that the court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 90 days following installation of the device. The tracking device may produce signals from

inside private hangars or other such locations not open to the public or to visual surveillance both within United States and outside its borders.

15.   As the warrant and accompanying affidavit and application in support reveal an ongoing investigation, I request that the documents be sealed until further order of the Court. I make this request to avoid premature disclosure of the investigation, to guard against the flight of participants in the crime, and to better ensure the safety of agents and others, but also request that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of HSI, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effect the warrant.

16.   In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the court delay notification of the execution of the warrant for 90 days after the monitoring of the warrant ceases because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. Agents estimate that it will take a considerable amount of time to evaluate and compare the data received from the tracking device warrant against flight plan summaries, and visual surveillance of airports of departure and arrival. Disclosure of the existence of the ETD will possibly lead to targets of this investigation to flee to avoid prosecution, destroy evidence, and otherwise jeopardize the current investigation.

17.   Based on the foregoing information, I assert that probable cause exists to believe that subject aircraft has been used, is being used, or will continue to be used to

facilitate the transportation of narcotics in violation of 21 U.S.C. §§ 84l(a)(l).

18.    Because I have probable cause to believe that the subject aircraft has been used and will be used to violate federal narcotic laws, I request that the Court issue a warrant authorizing HSI Agents or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on  the subject aircraft within 10 calendar days of the issuance of this warrant, and to remove said tracking device from the subject aircraft after the use of the tracking device has ended; and to monitor, repair, maintain, or replace the ETD for a period of 90 days following the issuance of the warrant including when the tracking device is inside private hangars and other locations not open to the public or visual surveillance, both within and outside the Southern District of Alabama.

The foregoing information is true and correct to the best of my knowledge, information and belief.



Daniel H. McKenzie
Special Agent
Homeland Security Investigations

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS _____
DAY OF JANUARY, 2021.

U.S. Magistrate
Judge Katherine
P. Nelson

Digitally signed by U.S. Magistrate Judge
Katherine P. Nelson
DN: cn=U.S. Magistrate Judge Katherine P.
Nelson, o=Federal Judiciary, ou=U.S.
Government,
email=efile_nelson@alsd.uscourts.gov, c=US
Date: 2021.01.11 14:47:05 -06'00'

HON. KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

Certified to be a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By: Tina Wood      Deputy Clerk
Date: January 11, 2021